ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
JAN 11 2007 1140AM
Stephan Harris, Clerk
Casper

Gary B. Ferguson (5-2393)
822 Main
Evanston, WY 82931
Telephone: (307) 789-9370

GARY B. FERGUSON (1062)
SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, UT 84123
801-266-0999
fax: 801-266-1338

Attorney for PLAINTIFF

---

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING**

---

| | |
|---|---|
| **SCOTT ALLEN PONCIROLI,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**EXCEL TRANSPORTATION, INC., PAVIL PILIPCHUCK, ANDRES MARTINEZ, DOUGLAS SHARP, FRED GROVE, BRIAN MOONEY, JOSHUA CALHOUN, CARROLL FETTERS, and JOHN WEBB.**<br><br>**Defendants.** | **COMPLAINT AND JURY DEMAND**<br><br>**Judge**<br>**Case No.** 07 CV 012 - B |

---

**COMPLAINT**

Plaintiff, SCOTT ALLEN PONCIROLI, by and through his counsel of record, Gary B. Ferguson, alleges and complains against Defendants as follows:

**JURISDICTION AND VENUE**

Receipt # CAS54
Summons: ___ issued
✓ not issued

This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because each defendant has certain minimum contacts with the State of Wyoming such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

2. Venue in the United States District Court for the District of Wyoming is proper pursuant to 28 U.S.C. 1391(a)(2) because the collision giving rise to plaintiff's claims and causes of action occurred in this judicial district and because all defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

**PARTIES**

3. Plaintiff Scott Allen Ponciroli, at all times pertinent, was a resident of Salt Lake City, Utah.

4. Defendant Excel Transportation, Inc. is a California Corporation with a principal place of business at Sacramento, California. Defendant Excel is the employer of Defendant Pilipchuck and is thus liable for the actions of Pilipchuck under the doctrine of respondeat superior.

5. Defendant Pavil Pilipchuck, is a resident of Antelope, California.

6. Defendant Andres Martinez is a resident of Caldwell, Idaho.

7. Defendant Douglas Sharp is a resident of Albion, Nebraska.

8. Defendant Fred Grove is a resident of Little Elm, Texas.

9. Defendant Brian Mooney is a resident of Pickney, Missouri.

10. Defendant Joshua Calhoun is a resident of Schroon Lake, New York.

11. Defendant Carroll Fetters is a resident of Legrand, Iowa.

12. Defendant John Webb is a resident of Maryville, Tennessee.

## FACTUAL ALLEGATIONS

13. All events that are the basis of this lawsuit occurred in Uinta County, Wyoming. On or about March 28, 2004, plaintiff and all defendants were operating motor vehicles on Highway I-80 near Mile Post 272 when they were involved in a chain reaction motor vehicle crash.

14. Plaintiff and all defendants were traveling westbound on Interstate I-80 on Sunday March 28, 2004. The driving conditions were slick pavement and blowing snow.

15. At approximately 9 A.M., Defendant Martinez lost control of his red Jeep and begin to spin out of control.

16. Defendant Calhoun in a green Subaru attempted to slow but was struck by Defendant Mooney in a white Peterbilt semi-truck.

17. Defendant Mooney's Peterbilt jack-knifed.

18. Defendant Mooney's trailer was bisected by Defendant Groves' red Freightliner and the rear half of Mooney's trailer was carried forward by Grove's tractor.

19. The remaining portion of Defendant Mooney's tractor trailer, jack-knifed and went off the west shoulder of I-80.

20. Plaintiff Ponciroli's blue Freightliner could not pass the disabled Grove tractor which had come to rest straddling the center dividing lines.

21. Ponciroli was able to control his vehicle coming to a safe stop on the left shoulder of the freeway without colliding with any of the other involved vehicles.

22. Following Plaintiff's safe stop, his vehicle was rear-ended by Defendant Pilipchuck's blue Freightliner.

23. Following the Pilipchuck collision with Plaintiff, Defendant Fetter's and Webb's vehicles collided with the disabled vehicles.

24. As a result of these collisions, Plaintiff suffered serious physical injury, lost wages in excess of $150,000, past and future medical expenses, including in excess of $50,000 in medical expenses incurred to date, pain and suffering.

## FIRST CAUSE OF ACTION

### Negligence

25. Plaintiff incorporates by reference paragraphs 1 through 24.

26. Excel Transportation, Inc. was negligent in that they are the employer of Defendant Pilipchuck and is thus liable for the actions of Pilipchuck under the doctrine of respondeat superior.

27. Pavil Pilipchuck was negligent in that he was driving too fast for the road conditions and he was following too close.

28. Andres Martinez was negligent in that he was driving too fast for the road conditions and he was following too close.

29. Douglas Sharp was negligent in that he was driving too fast for the road conditions and he was following too close.

30. Fred Grove was negligent in that he was driving too fast for the road conditions and he was following too close.

31. Brian Mooney was negligent in that he was driving too fast for the road conditions and he was following too close.

32. Joshua Calhoun was negligent in that he was driving too fast for the road conditions and he was following too close.

33. Carroll Fetters was negligent in that he was driving too fast for the road conditions and he was following too close.

34. John Webb was negligent in that he was driving too fast for the road conditions and he was following too close.

35. Each defendant's negligence breached a duty of due care to the Plaintiff.

36. As a result of this breach of duty, Plaintiff suffered the injuries complained of in paragraph 24 above.

## SECOND CAUSE OF ACTION

### Respondeat Superior

37. Plaintiff incorporates by reference paragraphs 1 through 36.

38. Excel Transportation as the employer of Defendant Pilipchuck, is responsible for the negligence of its employee.

39. As a result of Defendant Pilipchuck's negligence, Excel Trucking is responsible for the damages alleged in paragraph 24 above.

## THIRD CAUSE OF ACTION

**Negligence Per Se**

40. Plaintiff incorporates by reference paragraphs 1 through 39.

41. Defendant Drivers were cited for traveling too fast for the conditions, failing to maintain a proper lookout and following too close. All of these actions are violations of Wyoming law and traffic regulations.

42. As a result of these violations, Defendant Drivers breached a duty of due care owed to Plaintiff.

43. As a result of this breach of duty, Plaintiff suffered the damages alleged above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that he recover from the Defendants, jointly and severally his past and future medical expenses, lost wages, general damages including lost earning capacity and pain and suffering, together with prejudgment interests and costs as allowed by rule and statute.

**JURY DEMAND**

Plaintiff hereby demands and tenders the requisite fee for a trial by six (6) jurors.

DATED this 18th day of December, 2006.

Gary B. Ferguson
Attorney for Plaintiff